NEW YORK
MIAMI
MONTCLAIR
RED BANK

# Spiro Harrison & Nelson

**Evan Bianchi**
100 Pearl Street, Suite 1803
New York, NY 10004

ebianchi@shnlegal.com
(203) 285-4398

**VIA ECF**

*September 13, 2026*

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *Protopapas v. Madhu, et al.*, No. 1:26-cv-02681 (MMG) (S.D.N.Y.)**

Dear Judge Garnett:

Plaintiff Pavlo Protopapas respectfully moves under Federal Rule of Civil Procedure 26(c) and III(D)(2) of Your Honor's Individual Rules & Practices for a brief stay of discovery, including his obligation to respond to *pro se* Defendant Sunil Madhu's discovery demands served on August 17, 2026, pending resolution of the parties' pending motions to dismiss. Alternatively, Plaintiff requests his responses be deferred at least until the September 29 Initial Pretrial Conference. Good cause exists because Madhu's demands sweep far beyond the core dispute, the burden on Plaintiff to respond is high, the motions to dismiss may eliminate or substantially narrow the requested discovery, and Madhu will suffer no prejudice.

**Procedural History.** Plaintiff filed his First Amended Complaint on July 27. ECF No. 36. The next day, the parties conducted a Rule 26(f) conference in anticipation of the Initial Pretrial Conference (which was then scheduled for August 18). Three days later, Your Honor denied the then-pending dismissal motions as moot, authorized renewed motions, and adjourned the Initial Pretrial Conference to September 29. ECF No. 37. Defendants filed motions to dismiss the First Amended Complaint on August 10, ECF Nos. 38-39, and Madhu purported to interpose an amended counterclaim on August 12—two weeks after the Rule 26(f) conference. ECF No. 43. However, as explained in Plaintiff's motion to dismiss, that counterclaim was not accompanied by an amended answer and thus is non-operative. Briefing on all pending Rule 12 motions is substantially complete. No Case Management Plan or Scheduling Order has been entered, no protective order has been entered, and initial disclosures have not been exchanged, which Plaintiff initially understood to be because the parties implicitly understood another Rule 26(f) conference would be required given the significant developments since the initial conference.

**Legal Standard.** Rule 26(c) gives courts considerable discretion to stay discovery. *See Simpson-Quin v. Montejano*, 2024 WL 3347040, at *1 (S.D.N.Y. July 9, 2024) (Garnett, J.). "[C]ourts should

SHN
Spiro Harrison & Nelson

Evan Bianchi
Spiro Harrison & Nelson
ebianchi@shnlegal.com

consider multiple factors, including [1] the breadth of discovery sought, [2] the burden of responding to it, [3] the prejudice that would result to the party opposing the stay, and [4] the strength of the motion forming the basis of the request for stay." *Id.* Each factor supports a stay.

**Argument**

1. **Madhu served extremely broad written discovery that far exceeds the core dispute.**

Madhu served nine interrogatories, 30 requests for production, and 93 requests for admission. *See* Exhibit A (combined requests). Plaintiff's affirmative claims concern the parties' Note, the 2.5 million Socure shares Plaintiff claims under it, Madhu's alleged transfer, sale, and encumbrance of those shares, and related relief. By contrast, even accepting its viability (*but see* ECF No. 45), Madhu's sole counterclaim alleges that Plaintiff tortiously interfered with a proposed December 2025 sale of 468,731 shares to Commerce Ventures. Yet Madhu's discovery reaches well beyond Plaintiff's claims—and beyond even his own counterclaim—into Plaintiff's personal finances, foreign business activities, insolvency proceedings, and unrelated transactions.

Start with the document requests. Madhu demands that Plaintiff produce, among other things, documents concerning a separate $5 million loan between the parties (Exhibit A at 3, RFP 5); Plaintiff's financing relationship with Investec and representations made to lenders (*id.* at 3–4, RFPs 13–15); Plaintiff's insolvency or bankruptcy proceedings and communications with any insolvency officeholder (*id.* at 4, RFPs 16–18); the formation, ownership, finances, and activities of PI Les Rives SA and a St. Barts development project (*id.* at 4–5, RFPs 23–26); all communications with prospective purchasers of Madhu's shares (*id.* at 5, RFPs 27–30); and all documents Plaintiff intends to rely on to support the Amended Complaint (*id.* at 3, RFP 12). Several interrogatories likewise require identification of documents concerning Plaintiff's financing, the St. Barts project, attorney communications concerning the Note, and alleged security interests. *Id.* at 2.

The 93 RFAs are similarly sweeping. They seek admissions across at least 11 subject areas, including drafting and interpretation of the Note (*id.* at 7–8, RFAs 1–18), the legal character of Madhu's obligations and Plaintiff's asserted interest in the shares (*id.* at 8–9, RFAs 19–34), the St. Barts transaction and Investec financing (*id.* at 9–10, RFAs 35–55), prior share sales and communications with prospective purchasers (*id.* at 10–12, RFAs 57–82), attorneys' fees (*id.* at 12, RFAs 83–85), and the separate $5 million loan (*id.* at 12–13, RFAs 86–93).

Many of these requests ask Plaintiff to take positions and produce documents on issues that overlap with the pending motions to dismiss. And some topics, like activities regarding PI Les Rives SA and the St. Barts development project, are not pleaded as part of Madhu's counterclaim at all. Madhu's discovery thus amounts to merits discovery covering not just the entire dispute, but also areas irrelevant to Plaintiff's claims *and* Madhu's counterclaim. And if Plaintiff's prevails on his motion to dismiss Madhu's sole counterclaim, the asserted basis for substantial categories of discovery will disappear altogether. Requiring Plaintiff to collect documents and take binding positions concerning those topics now would impose precisely the type of likely unnecessary discovery burden that warrants a short stay.

SHN
Spiro Harrison & Nelson

Evan Bianchi
Spiro Harrison & Nelson
ebianchi@shnlegal.com

**2. Responding to discovery before motions are resolved would be highly burdensome.** Resolution of the pending motions to dismiss will almost certainly eliminate claims or materially narrow the issues in dispute, thereby obviating the need to respond to some or all of Madhu's discovery. Requiring Plaintiff to undertake that work now would risk substantial expense on discovery that may soon become unnecessary.

Courts routinely stay discovery in these circumstances. In fact, in *Arthur v. Orchestrate Business LLC*, Your Honor stayed discovery pending resolution of a motion to dismiss where the disposition of the motion could have affected the need for further discovery. No. 24-cv-2985 (MMG), ECF No. 37 (S.D.N.Y. Oct. 17, 2024) (attached as Exhibit B); *see also Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *4 (S.D.N.Y. Sept. 15, 2025) (granting stay where resolution of the motion to dismiss could limit the scope of necessary discovery).

**3. A short stay will cause no unfair prejudice.** This action is barely five months old. The Initial Pretrial Conference is less than three weeks away, the dispositive briefing is substantially complete, and no discovery cutoff has been entered. Madhu identifies no time-sensitive evidence that must be obtained now, and the parties' preservation obligations remain in force. Requiring Plaintiff to collect and review documents across foreign financing, insolvency proceedings, a St. Barts project, third-party purchaser communications, and multiple loan transactions—while simultaneously answering 93 merits RFAs—risks substantial expense on issues the Court may soon remove from the case or materially redefine. A brief stay would conserve the parties' resources and allow any eventual discovery to proceed against a stable set of pleadings and claims.

**4. Plaintiff's motion to dismiss is strong.** Madhu's sole counterclaim suffers from multiple independent pleading defects, each of which Plaintiff has raised in his motion to dismiss: (1) it appears in a standalone document, not in a pleading; (2) it violates Your Honor's rules concerning redlining; (3) it does not plausibly allege that Plaintiff used wrongful means; and (4) it fails to plead facts plausibly establishing causation. ECF No. 45 at 2–16. The strength of Plaintiff's motion further weighs in favor of a stay.

* * *

Accordingly, Plaintiff respectfully requests that the Court stay all discovery, including Plaintiff's obligation to respond to Madhu's August 17 interrogatories, requests for production, and requests for admission, pending resolution of ECF Nos. 38, 39, and 44. In the alternative, Plaintiff requests that those response obligations be deferred until after the September 29 Initial Pretrial Conference and that the Court set a discovery schedule at that time.[1]

[1] On August 31, Plaintiff's counsel conferred with Madhu regarding the requested stay and the discovery demands. The parties reached an impasse, requiring Your Honor's intervention.

SHN
Spiro Harrison & Nelson

Evan Bianchi
Spiro Harrison & Nelson
ebianchi@shnlegal.com

Sincerely,

**EVAN BIANCHI**
**SHOMIK GHOSH**

*Counsel for Pavlo Protopapas*

cc: Counsel for Defendants (via ECF)

DENIED in part and GRANTED in part. The motion to stay all discovery until the motions to dismiss have been decided is DENIED. However, the request to stay discovery until after the Initial Pretrial Conference is GRANTED. The discovery requests served by Defendant Madhu are wildy premature. No case management plan and scheduling order has even been entered in this case. No party has sought the Court's approval to begin discovery without a scheduling order and case management plan. The parties are of course free to exchange initial disclosures but any other discovery is premature until a case management plan and scheduling order has been issued in this case. The parties---and Defendant Madhu in particular---are directed to the Court's order on April 7, 2026 (see Dkt. No. 12), which, while the deadlines have been extended several times to accommodate developments in the case, is clear on its central directive: the parties' obligation to confer and file a joint letter and proposed Civil Case Management Plan and Scheduling Order prior to the Initial Pretrial Conference, ***after which discovery will commence***. To be clear, Plaintiff has no obligation to respond to or engage with any of the RFPs, interrogatories, etc. propounded by Defendant to date.

In the interest of ensuring the parties have adequate time to meet and confer and prepare the pre-conference submissions (see Dkt. No. 12), particularly in light of Defendant Madhu's *pro se* status, the Court hereby *sua sponte* EXTENDS the joint submission deadline and pretrial conference as follows. The previously-scheduled September 29, 2026 Initial Pretrial Conference is ADJOURNED to **Tuesday, October 20, 2026 at 9:30 a.m.**, and the parties' pre-conference submissions (*see* Dkt. No. 12) to **October 13, 2026**. The parties are directed to carefully review the Court's individual rules and the April 7, 2026 Order at Dkt. No. 12.

SO ORDERED. Dated, September 15, 2026

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE